1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN GILBERT HERNANDEZ,<br><br>**Petitioner,**<br><br>v.<br><br>GREG LEWIS, Warden,<br><br>Respondent. | Case No. ED CV 12-00153-VBF-JCG<br><br>OPINION AND ORDER<br><br>**Overruling Petitioner's Objections, Adopting Report and Recommendation, Denying Habeas Corpus Petition, and Denying Certificate of Appealability** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed petitioner's first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Document ("Doc") 21), the respondent's answer and accompanying memorandum of points and authorities (Docs 26-27), petitioner's traverse (Doc 29), the well-reasoned Report and Recommendation ("R&R") of the Honorable Jay C. Gandhi, United States Magistrate Judge (Doc 32), petitioner's objections to the R&R (Document 33), the pertinent state-court decision and state-court record, and the applicable law, and has made a *de novo* determination of those portions of the R&R to which petitioner lodged specific objection.

Petitioner's objections generally reiterate the arguments made in the first amended petition and traverse, and lack merit for the reasons set forth in the R&R. There is one issue, however, that warrants brief amplification here.

In his objections, petitioner argues that he is entitled to relief because his case is analogous to *United States v. Noushfar*, 78 F.3d 1443 (9th Cir. 1996) (finding structural error and reversing conviction

1   where taped conversations, never played in open court, were provided to the jury over defense counsel's

2   objections).

3       By way of background, Petitioner's trial court received  into evidence a recording of Petitioner's

4   police interview that was testified to extensively but never played in open court.  (Lodg. No. 13,

5   Reporter's Transcript ("RT") at 525-26, 603-05.)  During deliberations, the option to hear the tape and

6   a readback of its transcript was made available to the jury upon request.  (*Id.* at 603-05.)  In the event of

7   such a request, Petitioner, Petitioner's counsel, and the prosecution agreed to waive their presence.  (*Id.*

8   at 606.)  In sum, Petitioner's case is distinguishable from *Noushfar* for three reasons.

9       First, unlike in *Noushfar*, the trial court in Petitioner's case established a protocol – agreed to by

10   counsel – to govern any scenario in which the jury might ask to hear the tape.  (RT at 603-06.)  Namely,

11   the judge provided that if the jury made such a request, the court would inform counsel and provide the

12   jury with a court reporter who would readback the related transcript.  (*Id.* at 603-05.)  Significantly,

13   nothing in the record indicates that the jury ever made such a request.  And regardless, the trial court's

14   implementation of such a protocol hardly indicates that it "completely abdicated control of the

15   presentation of the evidence."  *Noushfar*, 78 F.3d at 1445.

16       Second, unlike in *Noushfar*, it does not appear that the jury here was ever provided with a tape

17   recorder so that it could either (1) consider the tape without the trial court's knowledge or direction, or

18   (2) listen to part, but not all, of the tape.  (RT at 603-05); *see Noushfar*, 78 F.3d at 1445 (where "[b]ased

19   on the request for a tape recorder," the court "assume[d] that the jurors listened to at least part of one

20   tape," and based on the timing of the jury's deliberation, the court determined that the jurors could not

21   possibly have listened to all of the tapes).  Here, rather, it appears that the jury was told that if it wanted

22   to hear the tape, it should inform the trial court, who would provide (1) a tape recorder and (2) a court

23   reporter who would readback the transcript.  (*Id.*)  Again, nothing in the record indicates that Petitioner's

24   jury ever made such a request.  *See United States v. Franco*, 136 F.3d 622, 625, 628 (9th Cir. 1998)

25   (finding no structural error where (1) unplayed tapes were received into evidence, (2) the jury was told

26   that it could request to hear any of those tapes during deliberations, (3) the jury never made any such

27   request, and (4) defense counsel agreed to the aforementioned procedure).

28       Third, unlike in *Noushfar*, Petitioner's counsel did not make "vigorous objections" to the

1    admission of the tape, but rather consented to its admission under the trial court's proposed procedure.

2    (RT at 525-26, 605); *Noushfar*, 78 F.3d at 1444; *see also Franco*, 136 F.3d at 625, 628 (finding no

3    structural error where defense counsel objected to neither the admission of transcripts never read in open

4    court nor the jury's option to listen to tapes never played in open court).

5           Hence, on these facts, the Court finds that the instant scenario is distinguishable from *Noushfar*

6    and constitutes, at most, a trial-type error.

7           As a rule, habeas relief may be granted for a trial-type error only if such error "had a substantial

8    and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619,

9    623, 113 S. Ct. 1710 (1993).  Here, as discussed in the R&R, there was substantial evidence at trial of

10   Petitioner's guilt.   Additionally, Petitioner's counsel "had full opportunities to aggressively cross-

11   examine" the interview's participants regarding the recorded interview.  (RT at 381, 413, 448-52, 458-67,

12   481-82, 484-97, 513-23); *United States v. Pena-Espinoza*, 47 F.3d 356, 360 (9th Cir. 1995) (finding no

13   abuse of discretion where trial court admitted into evidence full transcripts of conversations merely

14   summarized by witnesses at trial).   Moreover, Petitioner fails to identity any portion of the admitted

15   recording that, if heard by the jury, could have affected his verdict.  *See Pena-Espinoza*, 47 F.3d at 360

16   (affirming conviction where there was "no indication" that trial court's admission of transcripts not read

17   in open court "likely affected the jury's verdict").

18          Thus, on this record, the Court cannot conclude that, absent the alleged error, petitioner would

19   have been acquitted.  *See Brecht*, 507 U.S. at 623, 113 S. Ct. 1710.  As such, habeas relief may not be

20   granted.  *See id.*

21

22                  <u>PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY</u>

23          "Unless a circuit justice or [district] judge issues a certificate of appealability , an appeal may not

24   be taken to the court of appeals from  – (A) the final order in a habeas corpus proceeding in which the

25   detention complained of arises out of process issued by a state court."  28 U.S.C. § 2253(c)(1)(A).[1]  The

26   ————————————————

27      [1]

28   *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court
     of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases.  The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citation omitted), i.e., the court may grant a COA on one claim and not on others.

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Vega v. US*, 2014 WL 3385168, *8 (E.D. Cal. July 10, 2014) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence).  A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000) (discussing 28 U.S.C. § 2253 subsection c); *see also* Fed. R. App. P. 22(b)(1).  The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists could not disagree as to whether today's disposition is correct (or agree that it is wrong), and none of petitioner's claims is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).  The Court therefore will deny a certificate of appealability.

ORDER

Petitioner's objections **[Doc #33] are OVERRULED**.

The Report and Recommendation **[Doc #32] is ADOPTED**.

The first amended petition for a writ of habeas corpus **[Doc #21] is DENIED**.

This action is **DISMISSED with prejudice.**

The Court **DECLINES** to issue a certificate of appealability.     Petitioner may request a

1  certificate of appealability from the United States Court of Appeals for the Ninth Circuit.[2]

2     As required by Federal Rule of Civil Procedure 58(a), final judgment will be issued by separate

3  document.  *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013).

4

5  DATED:   November 19, 2014

6

       *Valerie Baker Fairbank*

7        _____

8        HON. VALERIE BAKER FAIRBANK
      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    2

24  *See* Fed. R. App. P. 22(b)(1) (providing, in pertinent part, "If the district judge has denied the certificate,
the applicant may request a circuit judge to issue it."); Fed. R. App. P. 22(b)(2) ("A request addressed

25  to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.  If no
express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges

26  of the court of appeals."); *Harris v. United States*, 2013 WL 8291426, *9 n.7 (C.D. Cal. Dec. 18, 2013)

27  (Fairbank, J.) ("The Court of Appeals may also grant a COA on claims for which the district court
expressly refused to grant a COA.") (citing *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013), *cert.*

28  *denied*, – U.S. –, 134 S. Ct. 2697 (2014)).